IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHEA RENAISSANCE, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:17-CV-867 |
| v. | § | |
| | § | |
| | § | |
| PELEUS INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

DEFENDANT PELEUS INSURANCE COMPANY'S
NOTICE OF REMOVAL

Defendant Peleus Insurance Company ("Peleus" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof shows the Court as follows:

## I.    BACKGROUND

1.    Plaintiff Shea Renaissance, LLC ("Shea Renaissance" or "Plaintiff") commenced this lawsuit on August 31, 2017 by filing "Plaintiff Shea Renaissance, LLC's Original Petition" in the 236th Judicial District Court of Tarrant County, Texas, bearing Cause No. 236-294361-17 (the "State Court Action").

2.    Plaintiff's Petition names Peleus as a defendant.

3.    Plaintiff served its Original Petition on the Texas Commissioner of Insurance on September 6, 2017.  However, Peleus did not actually receive service of process until September 25, 2017.[1]

---

[1]    *See* Exhibit C-3 (Certification from Texas Department of Insurance showing delivery date to Peleus was September 25, 2017); *see also* Exhibit 1-A (United States Postal Service Tracking Results showing delivery/pick up on September 25, 2017).

4.      Therefore, Defendant's removal is timely filed within 30 days of actual receipt by Peleus of the initial pleading filed in this matter.  28 U.S.C. § 1446(b)(2)(B).

## II.      BASIS FOR REMOVAL

5.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District and this division.

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees.  These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

7.      Plaintiff Shea Renaissance, LLC is a Delaware corporation, with a principal office in California.[2]  Plaintiff is thus a citizen of Delaware and California for diversity jurisdiction purposes.

8.      Defendant Peleus Insurance Company is an eligible surplus lines insurance company organized under the laws of the Commonwealth of Virginia, with a principal office in Richmond, Virginia.  Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

*(1)      Defendant's removal is timely as it is filed within 30 days of service.*

9.      Plaintiff served Peleus through the Texas Commissioner of Insurance as authorized by the Texas Insurance Code.[3]  The Commissioner of Insurance received Plaintiff's Original Petition on September 6, 2017.  Texas Insurance Code § 804.203 instructs the

---

[2] *See* Plaintiff's Original Petition at ¶2.

[3] *See* TEX. INS. CODE §804.102(c) ("If a domestic company does not appoint or maintain a person in this state as agent for service of process or the agent cannot with reasonable diligence be found, the commissioner may accept service of process and notify the company…").

Commissioner to "immediately" send the process served to the defendant.[4]   However, the

Commissioner of Insurance mailed Plaintiff's Original Petition two weeks later and Peleus did

not receive it until September 25, 2017.[5]   Case law has long been clear that, "When service is

effected on a statutory agent, the removal period begins when the defendant actually receives the

process, not when the statutory agent receives process."[6]   Therefore, because Peleus files this

Notice of Removal within thirty days of actual receipt of the process, it is timely filed.

**B.**   **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10.    Plaintiff's Original Petition shows that the amount in controversy is far greater

than $75,000.[7]   Therefore, the jurisdictional threshold of $75,000 is met and removal is proper.

### III.   CONCLUSION

11.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be

filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this

Notice.

---

[4] *See* TEX. INS. CODE §804.203 ("The commissioner shall immediately send by registered or certified mail, return receipt requested, one copy of process served on the commissioner...").

[5] *See* Exhibit C-3 (Certification from Texas Department of Insurance showing delivery date to Peleus was September 25, 2017); *see also* Exhibit 1-A (United States Postal Service Tracking Results showing delivery/pick up on September 25, 2017).

[6] *See, e.g., Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998) (citing 14A Charles Alan Wright, et al., Federal Practice and Procedure § 3732, at 516 (2d ed. 1985), and further noting "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for purposes of beginning the thirty-day removal period.") (citing *Kurtz v. Harris*, 245 F.Supp. 752, 754 (S.D. Tex. 1965)); *see also, Tucci v. Hartford Fin. Servs. Group, Inc.*, 600 F.Supp.2d 630, 633 (D.N.J. 2009) (noting, "the Commissioner is only a 'conduit to ensure that service is made upon the defendant...Most significantly, the Commissioner had no power to remove this case on behalf of Defendants.") (internal citation omitted).

[7]    *See* Plaintiff's Original Petition at ¶4 ("Plaintiff seeks monetary relief over One Million Dollars ($1,000,000)..."); ¶22 ("Shea's damages, which include amounts already incurred and paid without reimbursement and amounts for repairs yet to be completed, are estimated to exceed $3 million.").

12.    As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a.    An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

    b.    A copy of the docket sheet in the state court action;

    c.    each document filed in the state court action, except discovery material;

    d.    a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 236th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Stephen R. Wedemeyer*
    Stephen R. Wedemeyer
    Texas Bar No. 00794832
    1100 JPMorgan Chase Tower
    600 Travis Street
    Houston, Texas 77002-2900
    Telephone: (713) 650-8400
    Facsimile:  (713) 650-2400
    Email:  swedemeyer@winstead.com

**ATTORNEYS FOR DEFENDANT
PELEUS INSURANCE COMPANY**

OF COUNSEL:

**Amparo Yanez Guerra**
Texas Bar No. 24037751
ayguerra@winstead.com
**WINSTEAD PC**
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel:  (713) 650-8400
Fax:  (713) 650-2400

## CERTIFICATE OF SERVICE

I hereby certify that in compliance with Rule 5 of the Federal Rules of Civil Procedure, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on October 25th, 2017. Notice of this filing will be sent to opposing counsel, by operation for the Court's electronic filing system and CM-RRR:

Levi G. McCathern, II                                    *Via Electronic Service and Certified Mail*
Joseph E. Sampson
Brett M. Chisum
MCCATHERN, PLLC
3710 Rawlins, Ste. 1600
Dallas, Texas 75219
Tel: (214) 741-2662
Fax: (214) 741-4717
lmccathern@mccathernlaw.com
jsampson@mccathernlaw.com
bchisum@mccathernlaw.com

By: */s/ Stephen R. Wedemeyer*
      Stephen R. Wedemeyer

## APPENDIX

Tab

### Exhibits

Exhibit 1 - Affidavit of Amparo Yanez Guerra.................................................................................1

      Affidavit Exhibit 1-A - United States Postal Service Tracking Results...................1-A

Exhibit A – Index of Documents Filed With Notice of Removal .................................................A

Exhibit B – State Court Docket Sheet .........................................................................................B

Exhibit C – Index of Documents Filed in State Court.................................................................C
    Exhibit C-1 – Plaintiff's Original Petition...........................................................................C-1
    Exhibit C-2 – Return of Service of Citation on Peleus Insurance Company.........................C-2
    Exhibit C-3 – Return of Service of Citation on Peleus Insurance Company (2nd copy)........C-3
    Exhibit C-4 – Return of Service of Citation on Peleus Insurance Company (3rd copy)........C-4
    Exhibit C-5 – Return of Service by Texas Department of Insurance ...................................C-5
    Exhibit C-6 – Defendant Peleus Insurance Company's Original Answer..............................C-6

Exhibit D – Certificate of Interested Parties...............................................................................D